IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONYA KELLY, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 4:18-cv-0146 |
| v. | ) ) ) |
| CAMERON'S COFFEE AND DISTRIBUTION COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

Defendant Cameron's Coffee and Distribution Company ("Defendant"), by and through its undersigned attorneys, hereby removes to the United States District Court for the Western District of Missouri, Western Division, the civil action currently filed and pending in the Sixteenth Judicial Circuit Court of Jackson County, Missouri, and styled *Tonya Kelly, on behalf of herself and all others similarly situated v. Cameron's Coffee and Distribution Company*, No. 1816-CV00470 ("State Court Action").

As grounds for removal, Defendant states as follows:

1. On January 4, 2018, Plaintiff Tonya Kelly ("Plaintiff") initiated the State Court Action by filing a Class Action Petition ("Petition") against Defendant. Plaintiff served Defendant with the Petition on January 23, 2018. Defendant has not answered the Petition, and no further proceedings have taken place in the State Court Action. A copy of the Summons and Petition are attached hereto as Exhibit A as required by 28 U.S.C. § 1446(a).

2. The Petition seeks certain compensatory damages and pre-judgment and post-judgment interest, as well as attorneys' fees and litigation costs arising from Defendants' alleged violation of the Missouri Merchandising Practices Act ("MMPA").

3. 28 U.S.C. § 1332(d)(2) states in relevant part:

The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . .

4. The Petition alleges that Plaintiff is a Missouri citizen. Ex. A, ¶ 7.

5. The Petition alleges that Defendant is a Minnesota corporation with its principal place of business located in Minnesota. Ex. A, ¶ 8. Defendant avers that it is a Minnesota Corporation with its principal place of business in Shakopee, Minnesota. Exhibit B. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Accordingly, Defendant is a citizen of Minnesota.

6. There exists minimal diversity of citizenship between Plaintiff and Defendant. Plaintiff is a Missouri citizen, and Defendant is a Minnesota citizen.

7. The amount in controversy exceeds $5,000,000, exclusive of interest and costs.

8. Plaintiff does not allege any specific amount of damages in the Petition.[1] Plaintiff does, however, seek damages "on behalf of all consumers who have purchased Cameron's Coffee Pods in the state of Missouri . . . at any time from January 4, 2013, to the present." Ex. A, ¶ 27. Between January 4, 2013 and the present date (the "Putative Class Period"), Defendant

---

[1] Plaintiff and her attorney purport to stipulate that the class will not request or accept damages that would cause the amount in controversy to exceed the aggregate sum of $5,000,000 on the class's claims. Ex. A., ¶ 39. Such stipulations are not effective to limit the amount in controversy for removal purposes. *E.g.*, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013).

sold approximately $17,203,798 worth of Cameron's Coffee Pods in Missouri. By the time of trial, Defendant is expected to sell, at a minimum, an additional $1,774,683 to $3,784,656 worth of Cameron's Coffee Pods in Missouri,[2] and there is at least $5,734,599[3] in attorneys' fees in controversy. Plaintiff's claim easily satisfies 28 U.S.C. § 1332(d)(2)'s amount in controversy requirement.

9. 28 U.S.C. § 1332(d)(5) states:

Paragraphs (2) through (4) shall not apply to any class action in which—

> . . .
>
> (B) the number of members of all proposed plaintiff classes in the aggregate is less than 100.

10. The proposed plaintiff class has at least 100 members.

11. The Petition alleges that "Members of the Class are so numerous that their individual joinder herein is impracticable." Ex. A, ¶ 28.

12. Defendant sold over $17.2 million worth of Cameron's Coffee Pods during the Putative Class Period. Each of Defendant's coffee pods costs roughly $0.47. If there were fewer than 100 class members, this means the average class member would have purchased over $172,038 of Cameron's Coffee Pods during the Putative Class Period. This calculates out to each class member purchasing roughly 73,208 coffee pods per year, or 201 coffee pods per day. Because it is physically impossible for any person to drink 201 coffee pods per day every day for five years, it is more likely than not that more than 100 different consumers purchased Cameron's Coffee Pods during the Putative Class Period.

13. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it was filed within thirty days after Defendant received service of Plaintiff's Summons and Petition.

---

[2] These two projections reflect Cameron's one and two year sales forecasts for Missouri, respectively.
[3] This number represents 33% of the minimum amount of compensatory damages potentially in controversy, which is a standard fee for class representation under the MMPA.

3

14. Venue is proper in this Court for removal purposes under 28 U.S.C. §1446(a), as this Court is "the district court of the United States for the district and division" where the State Court Action is pending.

15. Concurrent with the filing of this Notice of Removal, written Notice of Removal is being given to Plaintiff and a copy of a Notice of Filing Notice of Removal is being filed with the Sixteenth Judicial Circuit Court of County of Jackson County, Missouri as required by 28 U.S.C. §1446(d). A true and correct copy of the Notice of Filing Notice of Removal is attached hereto as <u>Exhibit C</u>.

16. By this Notice of Removal, Defendant does not waive any objections it may have to this action. Defendant intends no admissions of fact, law or liability as to Plaintiff's allegations, whether set forth in the Petition or otherwise, and expressly reserves all defenses, motions, and pleas.

WHEREFORE, Defendant hereby gives notice that the case *Tonya Kelly, on behalf of herself and all others similarly situated v. Cameron's Coffee and Distribution Company*, No. 1816-CV00470, is removed from the Sixteenth Judicial Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, Western Division, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and that all further proceedings shall be held before this Court.

Dated:  February 22, 2018         LATHROP GAGE LLP


                                   By:   *s/ Brian C. Fries*
                                         Brian C. Fries, #40830
                                         BFries@LathropGage.com
                                         Eric Sidler, # 69531
                                         ESidler@LathropGage.com
                                         2345 Grand Boulevard, Suite 2200
                                         Kansas City, Missouri 64108-2618
                                         Telephone: 816.292.2000
                                         Facsimile: 816.292.2001

                                         Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2018, a copy of the above pleading was served via the Court's electronic system and by first class United States mail, postage prepaid, on the following counsel of record:

Christopher S. Shank
David L. Heinemann
Stephen J. Moore
Shank & Moore LLC
1968 Shawnee Mission Parkway, Suite 100
Mission Woods, Missouri 66205
Tel: 816-471-0909
Fax: 816-471-3888
chris@shankmoore.com
davidh@shankmoore.com
sjm@shankmoore.com

ATTORNEYS FOR PLAINTIFF

                              s/ *Brian C. Fries*
                              An attorney for Defendant